# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRISCILLA A. ELLIS, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF )<br>AMERICA, et al., )<br>)<br>　Defendants. ) | Case No. CIV-21-1187-D |

## ORDER

Plaintiff initiated this action by filing a motion [Doc. No. 1] requesting that she be transferred to a new detention facility pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). On January 28, 2022, Judge Mitchell issued a Report and Recommendation [Doc. No. 6], where she recommended that the matter be dismissed without prejudice because the Bureau of Prisons – not a federal court – has the authority to determine where a prisoner is confined. *See* 18 U.S.C. § 3624(c).

Petitioner filed a timely objection [Doc. No. 22] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner's objection asserts that the CARES Act permits a court other than the sentencing court to reduce an inmate's sentence by ordering a compassionate release and that this Court may grant relief because she is

1

currently housed in a facility located with the Western District of Oklahoma. This argument is misplaced given that Plaintiff's initial motion sought only a change in the place of her confinement and not a reduction in her sentence. In any event, the Court agrees with Judge Mitchell's conclusion that a defendant must "ask the *sentencing court* for a sentence reduction" in order to obtain a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (emphasis added). The CARES Act, which expanded the Bureau of Prisons' discretion in the use of home confinement, did not change this requirement. *See United States v. Hammons*, No. CIV-20-789-F, 2020 WL 4741916, at *1 (W.D. Okla. Aug. 14, 2020). Thus, having reviewed the entirety of the case record, the Court fully concurs in Judge Mitchell's findings and recommendation that the action should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 6] is ADOPTED. Plaintiff's complaint is dismissed without prejudice and Plaintiff's Application to Proceed In Forma Pauperis [Doc. No. 5] is DENIED as moot. A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 17th day of February, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge