## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

PRISCILLA A. ELLIS,                )
                                   )
      Plaintiff,                  )
                                   )
v.                                 )          Case No. CIV-21-1187-D
                                   )
UNITED STATES OF                   )
AMERICA, et al.,                   )
                                   )
      Defendants.                 )

## ORDER

Before the Court is Plaintiff's pro se Motion for Leave to Amend Response due to threats of Physical Injury [Doc. No. 10] and Motion for Reconsideration pursuant to FRCP 60(b)(6) [Doc. No. 12]. For the reasons explained below, both motions are denied.

### A. Motion for Leave to Amend

The Motion for Leave to Amend seeks permission to amend Plaintiff's Objection [Doc. No. 7] to Magistrate Judge Suzanne Mitchell's Report and Recommendation [Doc. No. 6]. The motion represents that Plaintiff is currently housed in the Federal Transfer Center in Oklahoma[1] and that she wishes to amend her objection to include allegations that she has received threats from inmates housed in federal prisons where she may ultimately be incarcerated. Her proposed amendments do not include any allegation that she has been subjected to a constitutional violation at the Federal Transfer Center.

---

[1]After the filing of her motion, Plaintiff submitted a Notice of Change of Address [Doc. No. 11] indicating that she is currently incarcerated at a facility in Alabama

1

In a prior Order [Doc. No. 8], the Court adopted Judge Mitchell's Report after making a de novo review of Plaintiff's Objection and dismissed this case without prejudice. The Court agreed with Judge Mitchell's conclusion that the Court could not grant the relief Plaintiff sought because the Bureau of Prisons has the exclusive authority to determine where a prisoner is confined. *See* 18 U.S.C. § 3621. Plaintiff's new allegations would not alter this conclusion and her proposed amendments are therefore futile. *See Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) ("A district court may refuse to allow amendment if it would be futile."); *E.SPIRE Commc'ns, Inc. v. New Mexico Pub. Regul. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason") (internal quotation marks and citation omitted).

### B. Motion for Reconsideration

Plaintiff's Motion for Reconsideration appears to seek reconsideration of Judge Mitchell's Report. The motion indicates that she has now been redesignated to a facility in Aliceville, Alabama that has a high degree of Covid-19 transmission and that houses certain prisoners who have made threats towards her. Like her prior filings, the motion requests that the Court reassign her to a different facility. However, none of Plaintiff's new information changes the fact that the Court lacks the authority to grant her the relief she seeks. As explained in the Court's prior Order and in Judge Mitchell's Report, the Bureau of Prisons dictates where a prisoner is confined and only the sentencing court may grant a sentence reduction.

Accordingly, Plaintiff's Motion for Leave to Amend Response due to threats of Physical Injury [Doc. No. 10] and Plaintiff's Motion for Reconsideration pursuant to FRCP 60(b)(6) [Doc. No. 12] are DENIED.

**IT IS SO ORDERED** this 28th day of February, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge